ANDERSON ET AL. *v.* THE JOHNS HOPKINS
HOSPITAL ET AL.

[No. 180, September Term, 1970.]

*Decided January 7, 1971.*

The cause was argued before HAMMOND, C. J., and MC-
WILLIAMS, FINAN and DIGGES, JJ., and JAMES L. WRAY,
Associate Judge of the Fifth Judicial Circuit, specially
assigned.

*Robert J. Ryan,* with whom were *A. Owen Hennegan*
and *Moore, Hennegan, Brannan & Carney* on the brief,
for appellants.

*Charles E. Iliff, Jr.,* and *John H. Mudd,* with whom
were *Semmes, Bowen & Semmes* and *John F. King* on the
brief, for appellees.

WRAY, J., delivered the opinion of the Court.

Mrs. Marie C. Anderson was born and reared in Beach Haven, New Jersey, where she still resided at the trial of this case in March of 1970. Married at age 19, she weighed 117 pounds, and was endowed with a hypertrophy of the mammary glands requiring a size 40-C brassiere. Four children and several years took their toll; her breasts suffered, by her description, "a complete collapse." She sought a corsetiere's help, to no avail. She supplemented her brassieres with adhesive tape.

Browning's invitation and assurance apparently did not appeal to her.[1] She read of silicon-gel implants in "The Art of Staying Young," and in June of 1965 consulted Dr. Milton Edgerton, then employed by The Johns Hopkins Hospital. She told him she wanted relief from "being pendulous." [2]

Dr. Edgerton scheduled the surgery for February of 1966. At Mrs. Anderson's urging, he advanced it to November 1965. He elevated the breasts, but judged he should not insert the implants at the same time; the skin would not be strong enough to support additional mass until it healed. Mrs. Anderson was disappointed. She had wanted the whole procedure, including implants, done in one operation.

In May 1966, Mrs. Anderson returned to Johns Hopkins Hospital. Dr. Edgerton and his assistant in surgery performed a "bilateral augmentation mammoplasty, silicone implants."

Mrs. Anderson and her husband were still disappointed. In November 1967, they sued Dr. Edgerton and the Hospital.[3] They alleged that the Hospital was vicariously liable for the doctor's surgery, which he "performed in a

---

1. In "Rabbi Ben Ezra":
"Grow old along with me!
The best is yet to be,
The last of life, for which the first was made:"
2. The medical characterization of the condition is "severe mammary ptosis."
3. Mr. Anderson joined in a count alleging damage to the marital relationship.

careless and negligent manner" in both operations; and sundry damages "as a result of the negligent and careless performance of the operations."

At trial, the Andersons introduced no expert opinion testimony of any kind. Upon defendants' motion, the trial judge directed a verdict at the close of their case, observing:

> "There has been no evidence introduced in this case by the Plaintiffs, which showed the standard of skill ordinarily exercised by surgeons in similar cases and, further, that the Defendants failed to comply with those standards."

The plaintiffs, appellants now, assert that the true and sole theory of their case is appellees' failure to do the operation Mrs. Anderson consented to, and not negligence at all.[4] They also urge that they were entitled to go to the jury without any evidence of what information a surgeon should give a patient contemplating the surgery here involved. We do not decide if we agree with the latter premise; we disagree with the first premise.

The plaintiffs sued alleging negligence, or malpractice. As late as 1969, we said about such actions:

> "* * * in order for the plaintiffs to prevail * * * it was incumbent upon them to introduce sufficient evidence from which the jury could have determined (1) the standard of skill and care ordinarily exercised by surgeons in cases of this kind and (2) that the defendant in this case failed to comply with those standards." *Johns Hopkins Hospital v. Genda*, 255 Md. 616 at 620.

---

4. From their brief: "* * * in the case at bar the issue is not whether the Defendant failed to perform the operation carefully or with the required degree of skill but that he performed an operation to which the Appellant did not consent and in fact expressly prohibited."

In their Answer to Interrogatories, they claimed many acts of negligence, but said not a word about absent consent. Whether they are caught behind the bar of Bricker v. Graceffo, 236 Md. 558, we need not decide.

The law was not different in 1965, nor has it changed.

*Judgment affirmed.*
*Appellants to pay costs.*